UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
WALTER GRANT,                                                         :
:
:
Petitioner,                                   :
:          18 Civ. 7720 (JPC)
-v-                                               :
:          MEMORANDUM AND
PAUL M. GONYEA,                                                       :          ORDER
:
Respondent.                                   :
:
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On August 22, 2018, Petitioner Walter Grant, proceeding *pro se*, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 2. On January 18, 2019, Respondent Paul M. Gonyea filed an answer and a memorandum of law in opposition to the petition. Dkts. 13, 14.

On September 29, 2020, this case was reassigned to the undersigned. The undersigned issued a Notice of Reassignment on October 15, 2020. Dkt. 20. On October 16, 2020, the Clerk of Court mailed a copy of the Notice of Reassignment to Petitioner at Mohawk Correctional Facility in Rome, NY. On November 4, 2020, the Notice of Reassignment was returned to the Court as undeliverable because Petitioner died on January 12, 2020. The Court then reviewed the New York State Department of Corrections and Community Supervision website and confirmed that it lists Petitioner as deceased as of January 12, 2020. *See* New York State, *Inmate Population Information Search*, http://nysdoccslookup.doccs.ny.gov/ (last visited March 5, 2020).

On November 30, 2020, the Court issued an Order noting that it had been informed of Petitioner's death and ordering Respondent to submit a letter indicating its position on whether this

development rendered the case moot.  Dkt. 21.  On December 2, 2020, Respondent filed a letter arguing that "[P]etitioner's death deprives this Court of subject matter jurisdiction, and the case should be dismissed."  Dkt. 22.

The question for the Court is whether a petitioner's death renders a habeas petition moot.  It appears that the Second Circuit has only addressed this issue in an unpublished decision.  In *Bumpus v. Warden, Clinton Correctional Facility*, the Second Circuit, without explanation, dismissed as moot an appeal of a denial of a § 2254 habeas petition after the petitioner died while the appeal was pending.  426 F. App'x 21, 22 (2d Cir. 2011).  At least one court in this District also dismissed a habeas petition as moot when the petitioner died before the district court issued its decision.  *See Rivera v. Pearlman*, No. 02 Civ. 2399 (LAK), 2004 WL 533333, at *1 (S.D.N.Y. Mar. 16, 2004); *see also Hoppe v. Griffin*, No. 17 Civ. 170 (JKS), 2019 WL 227388, at *3-4 (N.D.N.Y. Jan. 16, 2019) (same); *Muller v. Hofmann*, No. 06 Civ. 118 (JGM), 2006 WL 3526921, at *1 (D. Vt. Dec. 5, 2006) (same).

With no controlling authority on point, the Court looks to other Circuits.  Every Court of Appeals that has had occasion to address this issue has held that a habeas petition is mooted by a petitioner's death.  *See Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013); *Bruno v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 445, 445 (11th Cir. 2012) (per curiam); *Garceau v. Woodford*, 399 F.3d 1101, 1101 (9th Cir. 2005); *McMillin v. Bowersox*, 102 F.3d 987, 987 (8th Cir. 1996) (per curiam); *McClendon v. Trigg*, 79 F.3d 557, 559 (7th Cir. 1996); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975) (per curiam).  This conclusion is also in line with dicta from the Supreme Court and the Second Circuit.  *Lockhart v. McCree*, 476 U.S. 162, 168 n.2 (1986) (noting that when a habeas petitioner died prior to the district court's decision, "his case became moot"); *Krantz v. United States*, 224 F.3d 125, 127 (2d Cir. 2000) (noting that the court did "not disagree" with the practice

of sister circuits treating a § 2255 petition as moot after the petitioner's death).

The Court is persuaded by these decisions. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* In accordance with this understanding, Petitioner here sought release from custody. *See* Dkt. 2 at 15. However, his death necessarily means that he is no longer "in custody." 28 U.S.C. § 2254(a); *see also id.* § 2241(c). Thus the Court can no longer grant the relief he sought. *Cf. Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (holding that a habeas petition is not moot so long as the court could grant some relief). The Court concludes that Petitioner's death renders his habeas petition pursuant to 28 U.S.C. § 2254 moot because he is no longer "in custody" and the Court could not grant him any relief that he sought.

## Conclusion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed as moot. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: March 7, 2021
   New York, New York

_____
JOHN P. CRONAN
United States District Judge